## Joseph Yeager, Plff. in Err., *v.* Hannah Yeager.

In debt on a bond, absolute for the payment of money one year after date, with interest, parol evidence is inadmissible to prove merely that at the time the bond was executed the plaintiff agreed to require from the defendant the payment of interest only, and that the principal should become the defendant's at the plaintiff's death.

In suit on such bond, the court entered judgment for want of a sufficient affidavit of defense, the affidavit alleging the above parol evidence; and the court also refused to stay execution subsequently issued or to open the judgment. Judgment affirmed on writ of error.

(Argued February 9, 1887. Decided February 21, 1887.)

January Term, 1886, No. 139, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Chester County to review a judgment for the plaintiff for want of a sufficient affidavit of defense in an action of debt. Affirmed.

The cause of action and the affidavit of defense are sufficiently set forth in the following opinion delivered in the court below by FUTHEY, P. J.:

This suit is on a bond dated January 19, 1882, given by the defendant to the plaintiff to secure the payment of $1,300, in one year after date with interest. Receipts for the payment

NOTE.—For the admissibility of parol evidence to show an agreement omitted from the writing, see note to Bowman v. Tagg, *ante*, 74.

of interest for two years, are indorsed on the bond. The plaintiff claims the principal and the unpaid interest.

The defendant has filed an affidavit of defense, in which he alleges that the plaintiff, who is his mother, had, on the settlement of her husband's estate in January, 1881, the sum of $3,900 in money as her share of his estate in her own right; that she divided this money among her three children, taking from each a promissory note for $1,300; that, at the time of taking these notes, she agreed that the interest thereon only was to be paid to her during her life, and that at her death the notes were to be canceled, and each child was to have as his or her share of her estate the amount of money set forth in their respective notes; that subsequently, in 1882, she took from her children their respective bonds for the same amount, to secure the notes, upon the same agreement made when the notes were given, and that the bond in suit was the one given by him; and he alleges that, by this agreement, the plaintiff is only entitled to recover the unpaid interest thereon.

The defendant sets up as a further defense, that the plaintiff is of unsound mind by reason of advancing years, and did not cause this suit to be brought, and that proceedings have been instituted for the purpose of having her declared a lunatic, and a committee appointed to take charge of her person and estate, and that until such appointment the defendant could not safely make any payment whatever. The plaintiff asks for judgment for want of a sufficient affidavit of defense.

With respect to the last matter of defense it is sufficient to say that the proceedings referred to have resulted in finding that the plaintiff is not of unsound mind. We have, therefore, only to consider whether the other matters set out are sufficient to prevent judgment.

The question, Under what circumstances will parol evidence be received to set aside or affect a solemn written instrument? has been considered in all its aspects in a large number of cases, and the rules, after some conflict, pretty definitely settled.

In Martin *v.* Berens, 67 Pa. 462, and Malone *v.* Dougherty, 79 Pa. 46, several cases are cited to illustrate the circumstances under which such evidence will be received, and also when it would not be admissible. When equity would reform or set aside the instrument, parol evidence is admissible to contradict or vary the terms of the agreement as written. Such evidence

is received in case of fraud, accident, or mistake in the execution of the instrument, and also where promises or stipulations were made at the time of the execution, upon the faith and because of which the written agreement was entered into, and without which it would not have been executed. Greenawalt v. Kohne, 85 Pa. 375; Hoopes v. Beale, 90 Pa. 83; Rowand v. Finney, 96 Pa. 196; Thorne v. Warfflein, 100 Pa. 526; Phillips v. Meily, 106 Pa. 536; Wilson v. Underwood, 1 Chester Co. Rep. 345.

None of these matters are alleged in this affidavit of defense; the simple facts as stated are that the money belonged to the plaintiff; that her children received it from her and gave their obligations therefor, in usual form, payable in one year, with interest, and that she agreed, at the time, only to require the payment of the interest, and to let them have the principal as their respective shares of her estate at her death.

Assuming the facts to be as stated, they would not, without more, be receivable in evidence as sufficient to defeat the plaintiff's claims. They present the simple case of parties entering into a written agreement, and one of them, afterward, without allegations of fraud, accident, or mistake or inducement to its execution, asking the court to reform the instrument, on proof by parol that the agreement was different from that which had thus been put in writing, and to which the party asking the interference of the court had set his hand and seal.

In Grubb v. Matlack, recently decided by the supreme court, 2 Chester Co. Rep. 408, the court, in discussing such an offer, said: "The evidence was properly rejected, an offer to show that at the time of the execution of the lease, and immediately subsequent thereto, the lessor agreed to something in conflict with the lease, was clearly inadmissible. Such evidence would not prove accident, fraud, or mistake, sufficient to reform the written instrument. There was no offer to prove that the omission was through mistake, or by reason of the fraudulent conduct of the lessor."

The case comes strictly within the general rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument; and there is nothing whatever alleged which takes it out of that rule, according to the principles governing such cases.

If the defendant desired to be in a position to avail himself

of the alleged agreement, he should have written it in his bond. It is not in the power of the court now to afford him relief.

Rule made absolute and judgment directed to be entered in favor of the plaintiff, for the sum of $1,300, with interest from January 19, 1884, the calculation to be made by the prothonotary.

The assignments of error specified the action of the court in making absolute the rule for judgment for want of a sufficient affidavit of defense; in entering judgment against the defendant; and in dismissing a rule subsequently entered to stay execution and open the judgment.

*D. Smith Talbot* and *Thomas S. Butler,* for plaintiff in error.—The English rule, that parol evidence is inadmissible to vary the terms of a written instrument, does not exist in this state. Kostenbader v. Peters, 80 Pa. 438; Phillips v. Meily, 106 Pa. 536.

It is sufficient to prevent judgment if it is manifest from the affidavit that an agreement was made limiting the liability of the defendant, and that under no other condition would it have been executed. Hoops v. Beale, 90 Pa. 82.

The cases of Phillips v. Meily, 106 Pa. 536, and Oppenheimer v. Wright, 42 Phila. Leg. Int. 18, and similar cases, were all decided upon the ground that, after hearing all the testimony on both sides, the testimony of the defendant and his witnesses was not sufficient to induce a chancellor to reform the contract, the evidence on the part of the defendants not being sufficient to establish the verbal agreement in the face of contradictory evidence on the part of the plaintiff.

The consideration of an instrument, or the reason for giving it, can always be shown by parol. It may be received to explain and define the subject-matter of a written instrument. Barnhart v. Riddle, 29 Pa. 92; Aldridge v. Eshleman, 46 Pa. 420.

The bond was given to take the place of the note. It was therefore to be taken by the plaintiff, subject to all the restrictions surrounding the note. This substitution can be shown by parol. The rule that extrinsic verbal evidence is not admissible to contradict or alter a written instrument is not infringed by the admission of verbal evidence to prove a new and distinct agreement, upon a new consideration, whether it be a substi-

tute for the old, or in addition to and beyond it. Malone v. Dougherty, 79 Pa. 46.

Where one has obtained an obligation for a specified purpose, an attempt afterwards to use it for another, is a fraud. Renshaw v. Gans, 7 Pa. 117.

The bond was substituted for the note, and under the same agreement the written agreement was not surrendered with the notes; the notes were delivered up when the bonds were given. It is true the plaintiff did not sign the agreement, but this is not necessary in order to bind her. If a party who has not put his name to a written contract accepts it when signed by the other party, it binds him the same as if he had signed it. Grove v. Hodges, 55 Pa. 515.

Over judgments entered in this way the court must have a very summary control, in order to prevent injustice; but the control ought not to be a mere arbitrary and unregulated one. It is so in theory if not subject to review, although it very seldom is so in practice. Banning v. Taylor, 24 Pa. 291.

In Philadelphia & R. R. Co. v. Christman, 4 Pennyp. 271, a rule was taken by the administrator of the plaintiff, in the court below, to show cause why the satisfaction of judgment should not be stricken off. The court, upon hearing depositions, made the rule absolute. To this decision a writ of error was taken by defendant below. This court in reviewing the case, examined the depositions taken on the rule, although the defendant in error urged that the action of the lower court was discretionary, and not reviewable.

*R. Jones Monaghan* and *J. Frank E. Hause,* for defendant in error.—The defendant's testimony, even given its broadest interpretation and with all possible inferences in his favor, amounts to nothing to induce a chancellor to interfere with or limit the terms of the bond in suit. Rapp v. Haines, 5 W. N. C. 489; Rowand v. Finney, 96 Pa. 192; Cummins v. Hurlbutt, 92 Pa. 165; Bierer's Appeal, 92 Pa. 268; Campbell v. Patterson, 95 Pa. 454; and cases cited in the opinion of the court below.

The original note was absolute, for the payment of both principal and interest, and the only qualification was that at the death of Hannah Yeager the note should be annulled. This was not, in effect, a perfect gift and actual transfer. At most

it was but a declaration of trust or agreement to hold for the uses declared. Bond v. Bunting, 78 Pa. 210.

An equitable or imperfect assignment can only be enforced by the rules of chancery. To doubt is to deny. Elbert v. O'Neil, 102 Pa. 305.

Where no power or revocation is reserved the trust or use is invalid and will be set aside on application. Russell's Appeal, 75 Pa. 274; Rick's Appeal, 105 Pa. 533.

Even in the case of a widow's election to take under the provisions of her husband's will, the burden is on those so claiming, to show that she was clearly informed of and fully understood her rights. If she did not, she is not bound by her election, even if formally made after a citation regularly served upon her and after the lapse of full time for the consideration thereof. Anderson's Appeal, 36 Pa. 476; Bierer's Appeal, 92 Pa. 268; Elbert v. O'Neil, 102 Pa. 305.

The defendant was plaintiff's son. He had her money in his hands. He occupied a confidential relation to her. The burden is on him, to show clearly that she was not misled into what she did. If he cannot do so, or if there is suspicion that she was misled, or was not properly informed, the transaction must fall and will be deemed invalid. Darlington's Appeal, 86 Pa. 518, 27 Am. Rep. 726; Miskey's Appeal, 107 Pa. 611.

An appeal is the only remedy for a refusal to open a judgment. Gillespie v. Campbell, 1 Sad. Rep. 145.

The refusal to open a judgment is simply to do nothing, to stand still, and is not a transgression of power; and consequently such refusal is not the subject of review on a writ of error. Henry v. Brothers, 48 Pa. 71; McClelland v. Pomeroy, 75 Pa. 410.

There is no statutory power given this court to review the action of the court below in refusing to open a judgment, except where judgment has been entered by virtue of a warrant of attorney or on judgment notes where the defendant has had neither hearing nor notice. Act of April 4, 1877, P. L. 53.

The opening of a judgment is a matter for the exercise of the sound discretion of the court. The act of April 4, 1877, which provides for an appeal, has not changed the law in that respect. Earley's Appeal, 90 Pa. 321; First Nat. Bank's Appeal, 106 Pa. 70.

No facts have been found by the court below. The case is,

therefore, not in condition to be reviewed by this court on the refusal to open the judgment. Shryock v. Waggoner, 28 Pa. 432.

Even conceding, for the sake of argument, that the facts had been found by the court below, yet such finding of facts cannot be reversed by this court unless they are specially assigned as error. Robb's Appeal, 98 Pa. 501.

Whether or not a court will stay an execution issued upon a judgment is a matter of pure discretion.

It is not even alleged in the case in hand that there is anything on the record to show an irregularity in the issuing of the execution; consequently when an application is made to the common pleas to set aside such execution, and the court refuses the application, it is not the subject of review on a writ of error. Neil v. Tate, 27 Pa. 208; Newhart v. Wolfe, 2 Pennyp. 296.

Whether or not the execution in this case was properly issued depends upon matters of fact; and those facts were determined by the court below after the testimony was taken by the examiner. That this action of the court below is not the subject of review was decided as early as 1832, in the case of Righter v. Rittenhouse, 3 Rawle, 281.

PER CURIAM:

The court committed no error in ordering judgment for want of a sufficient affidavit of defense. There was no averment of fraud, accident, or mistake in the execution of the instrument, sufficient to change the language thereof or its legal effect.

Judgment affirmed.